Veronica M. McLEAN, individually and as sole trustee-beneficiary of 1985 Revocable Trust of Veronica M. McLean, petitioner, Relator,

v.

COUNTY OF DAKOTA, Respondent.

No. C6–95–69.

Supreme Court of Minnesota.

Nov. 9, 1995.

Rehearing Denied Dec. 12, 1995.

William R. Busch, St. Paul, for petitioner.

Kenneth A. Malvey, Assistant Dakota County Attorney, Hastings, for respondent.

## OPINION

PAGE, Justice.

This matter arises from a writ of certiorari to review a decision of the Minnesota Tax Court affirming the county assessor's denial of the application of Veronica M. McLean for tax valuation under the Minnesota agricultural property tax law, Minn.Stat. § 273.111 (1994), more commonly known as the green acres statute for tax assessment year 1993, for taxes payable in 1994.[1] We affirm.

The subject land parcel (the land) consists of 11.75 acres in the City of Eagan, which McLean has owned since 1959. The land was unoccupied and dormant from 1959 through March of 1993. On January 2, 1993, the land was classified as industrial. In April 1993, McLean leased the land to a farmer who planted and harvested vegetables that year. McLean charged and received $425 rent in 1993.

The issue presented is whether the land, which was dormant and unoccupied from 1960 through March of 1993, is entitled to valuation and tax deferment under the green acres statute for tax assessment year 1993. This case is governed by our decision in *Barron v. Hennepin County*, 488 N.W.2d 290 (Minn.1992). In *Barron*, we held that property must first satisfy the definition of "agricultural land" under section 273.13 before a taxpayer may apply for green acres status. *Id.* at 292. Minnesota Statutes Section 273.13, subdivision 23(c) (1994), provides that, "Agricultural land * * * means contiguous acreage of ten acres or more, primarily used during the *preceding year* for agricultural

purposes." *Id.* (emphasis added). In reaching our conclusion that property must first satisfy the definition of "agricultural land" under section 273.13, we reasoned, "It would seem to be fundamental that the subject property then must first satisfy the broad definition of 'agricultural land' to qualify for the legislatively identified exception for the valuation of that agricultural property." *Barron*, 488 N.W.2d at 292 (footnote omitted).

Here, the land was dormant, unoccupied, and not used at all during the preceding year for agricultural purposes. Because the land was not used during 1992 for agricultural purposes, it failed to satisfy the broad definition of "agricultural land" under Minn.Stat. § 273.13, subd. 23(c), in 1993. Accordingly, the land did not meet the threshold test for tax valuation under the green acres statute for 1993.

Affirmed.

---

1. The county assessor granted McLean's application for tax valuation under the green acres stat-ute for tax assessment year 1994 for taxes payable in 1995.